UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIAM ALLEN MEEKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-354 PS |
| | ) | |
| EDWARD BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On February 19, 2006, an inmate at the Indiana State Prison was attacked in his cell. Petitioner William Allen Meeks was found guilty of aiding the attack. According to the Report of Investigation, Meeks was standing right outside the cell in which the victim was assaulted, and was attempting to block the video from recording who went inside the cell while the assault was occurring. (Resp. Ex. B). Thus, he was charged by prison officials with aiding the assault by blocking the camera while his cohorts did the dirty work. After a hearing before the Disciplinary Hearing Board (DHB) within the prison, Meeks was found guilty and docked 180 days good time credit and placed in disciplinary segregation for one year as a sanction. Meeks brings this *pro se* habeas corpus petition challenging his 180 day loss of good time credit. The State has filed a response and Meeks has filed a traverse.

Meeks raises five grounds in this challenge. First, he argues that the conduct report supports the charge of battery but does not support the charge of aiding a battery. Second, he argues that the video could not show what the DHB says it shows. Third, he argues that the adult disciplinary policy was not followed. Fourth, he argues that the finding of guilt was based

on opinions rather than evidence. Finally, he argues that he was written up because he refused to be interviewed.

As to the first ground, it is not relevant whether the conduct report supports charges other than the one of which an inmate is found guilty. The purpose of a conduct report is to inform the inmate of the charge against him. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. The conduct report identifies the offense as "Battery Causing Injury" after which is handwritten and circled "/Aiding." The offense code is identified as "A102" after which is handwritten and circled "/111." The conduct report states, "See report of investigation." (Resp. Ex. A.) The report of investigation identifies the offense as "Battery with weapon or injury/Aiding" and states:

> The investigation concluded that the above offender was involved in the assault. He was identified by staff on video right outside of the cell with other offenders charged and identified in the investigation. *It appears he is attempting to block the camera* so identification of the offender who went inside the cell and assaulted offender Klinger could not be completed/accomplished.

(Resp. Ex. B (emphasis added).)

This clearly notified Meeks that he was charged with aiding in the battery. Even without the handwritten corrections to the name and number of the offense, the facts alleged did not change and it is those facts, not the name and number, that are critical to determining whether Meeks received adequate notice as required by *Wolff; see also Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003) ( "Because the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights.").

2

As to the second ground, Meeks argues that "there is no possible way in any shape or form" that he blocked the camera as alleged. (Pet. at ¶ 12-B.) It is not relevant whether he succeeded in blocking the camera. He was not charged with success; he was charged with aiding. He also states that he was seen outside of the cell 26 minutes before the injured inmate was found. It appears that he is arguing that his presence in the area is too remote in time to connect him to the attack. Though it is relevant whether he was in the area before and during the attack, it is not relevant how long he had been absent when the victim was discovered. Furthermore, this argument invites the Court to search the record for contradictions, but "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Once the court finds reliable evidence of guilt, "its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989). That is to say, it is not relevant whether additional evidence could have led to a contrary result so long as there is some evidence to support the finding of guilt. As discussed later, there is some evidence to support this finding of guilt.

As to the third ground, Meeks argues that the adult disciplinary policy was not followed because the handwritten changes to the conduct report were not initialed. Habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). Though *Wolff* requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not specify that handwritten changes to a typed notice must be initialed. As previously discussed, Meeks received adequate notice of the charges against him. Though this edit may have violated the adult disciplinary policy, it did not constitute a denial of due process in

3

violation of the United States Constitution.  This Court cannot grant habeas corpus relief based on the violation of a prison rule.  Therefore, in this proceeding, it is not relevant whether such a rule was violated.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).

As to the fourth ground, Meeks argues that the evidence was insufficient to have found him guilty.  In particular, he claims that the decision must have been based on the opinions or beliefs of the board because there is otherwise insufficient evidence to support finding him guilty.  Meeks was found guilty of aiding a battery and intent is an element of that offense.  That is to say, guilt requires finding that Meeks intended, tried, desired, or wanted to help further the battery.  Intent is rarely proven by direct evidence except when a person confesses to an offense.  As such, it is necessary to draw inferences based on the actions and circumstances surrounding the event.  In this case, doing so was both necessary and appropriate.

The members of the DHB personally reviewed the videotape of Meeks on the range on the day in question.  (Resp. Ex. G.)  In the Report of Disciplinary Hearing, the DHB stated that its decision was based in part on their review of the video.  The DHB concluded, based on that review, that it appeared that Meeks was "blocking the camera."  (Resp. Ex. H1.)  In addition to the videotape, the DHB relied on its review of the investigative case file,  as well as staff reports and Meeks' statement.  Taking this all into consideration, the DHB concluded that Meeks was guilty of aiding the battery.

Our review of the sufficiency of the evidence in these kinds of cases is an exceedingly light one.  As one court summarized it:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record.  This is a lenient standard, requiring no more than a modicum of evidence.  Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without

> support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Here, there is some evidence in the record to support the finding of guilt. The DHB reviewed the videotape and concluded from it that Meeks was attempting to block the camera so it would not record who was assaulting the victim. Although this is a conclusion that was drawn by the DHB, it's one that was rationally based on their perception, much like a lay opinion. *See* Fed. R. Evid. 701. While this evidence is far from overwhelming, it is at least *some* evidence.

Finally, as to the fifth ground for relief, Meeks alleges that he was written up in retaliation because he refused to be interviewed. But this does not give him grounds for relief. As the Seventh Circuit has stated:

> [P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.

*McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Thus, the intent of the charging officer is not a basis for granting habeas corpus.

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

**SO ORDERED.**

ENTERED: May 4, 2007

>                              s/ Philip P. Simon
>                              PHILIP P. SIMON, JUDGE
>                              UNITED STATES DISTRICT COURT

5